ALBERT BYRNES v. PACIFIC EXPRESS CO.

(No. 3629.)

APPEAL from Hopkins County.   Opinion by WHITE, P. J.

LEACH & TEMPLETON, counsel for plaintiffs in error.

PETEET & CROSBY and A. A. HENDERSON, counsel for defendants in error.

§ 188. *Evidence; primary and secondary; witness; cannot refer to copy to refresh memory if original can be produced.*   This suit was instituted by plaintiff in error against defendant in error, Pacific Express Company, to recover the value of certain trees, shrubs, etc., damaged while in the possession of said defendant in error as a common carrier, while in course of transportation by it from Jacksonville, Tex., to Ben Franklin, Tex. Defendant in error, Pacific Express Company, by its answer made its co-defendant in error, Texas Express Company, a party defendant. The case was tried before the court, without the intervention of a jury, on January 4, 1889, and resulted in a judgment for defendants in error, from which judgment plaintiff in error prosecutes this appeal by writ of error sued out July 28, 1890. A further statement of the case is not necessary here.

When plaintiff in error received his trees, etc., from defendant in error, he entered in his order-book a complete list of the number and value of all there were damaged, and gave a copy of same to his attorney for suit.

The Exhibits A and B to plaintiff's petition are correct copies of said copy, which had been lost. Appellant, after examining said exhibits, testified that, according to his best judgment and recollection, they were copies of the original order-book, and contained a correct list of number and value of the trees, etc., for the damages to which he was suing herein. Plaintiff in error testified that he knew of his own knowledge, independent of his order-book or any memorandum, that a certain number of each kind of his trees, etc., had been damaged, but could not tell the exact number without referring to his order-book, which would show the exact number. Plaintiff in error's counsel then asked him if he knew whether any apple trees had been damaged so as to be utterly worthless, and he answered, "Yes." He was then asked to state what number, and would have answered, "About thirty-seven, and not less than thirty," but defendants in error objected to the question and answer because it appeared that his order-book would show the exact number, and that said book was the best evidence, which objections were sustained and said testimony excluded. Like questions were asked concerning the other trees, etc., and like answers anticipated; but all such testimony was, on like objection of defendants in error, excluded. The court also, on motion of defendants in error, struck out all that portion of plaintiff in error's testimony about the Exhibits A and B being correct copies of the original order-book, and that they contained a correct list of the number and value of the trees, upon the ground that the order-book was the best evidence, and secondary evidence of its contents could not be given.

The memorandum book was unquestionably the primary and best evidence, and the rule is that "a memorandum is inadmissible when it is secondary; e. g., where it is a copy of another not satisfactorily accounted for." [1 Whart. Ev. (2d ed.), § 517.] Nor can "notes or memoranda to which the memory of the witness does not im-

mediately attach be used to refresh his memory.  He must be able to say, 'This was the paper made or at the time verified by me as a true record of the events.'" [Id., § 521.]  ".It is not proper that a copy should be appealed to, even for the purpose of refreshing the memory, while the original can be produced."  [Id., § 522.] The court, under the circumstances developed, did not err in striking out the Exhibits A and B as evidence, nor as evidence legitimate to be used to refresh the witnesses' memory.

§ 189. *Evidence; when witness may testify to facts within his knowledge, though written evidence of same facts exists.*  As to the second error assigned, we are of opinion that the court erred in excluding or rather in refusing to permit the plaintiff to testify that, independent of his order-book, or any memorandum or copy, he knew as a fact, of his own knowledge, that a certain number of trees had been damaged.  Though he could not tell the exact number without referring to his order-book, he was able to testify that there was not less than a certain specific number so damaged.  We think he had a right to testify as to what he knew of his own knowledge, outside of and independent of the memorandum book.  Such evidence was primary and as good as the memorandum book, though it may not have been as full, complete and accurate in some particulars as the memorandum book would have been.  Simply because he had entered the matter in his memorandum book at the time of the transaction certainly should not deprive him of his right to testify to facts which he knew of his own knowledge, independently of his memorandum book. Suppose the entries in his memorandum book had been manifestly erroneous, and he could subsequently show that fact indisputably, would such evidence be illegal and inadmissible simply because the memorandum book showed otherwise?  We think not.  The fact that a party has entered the details of a transaction in writing, in a

book for his own use, and binding upon no one else, where no such entry is required by law, will not estop or prohibit him from testifying to all or as many of the facts contained in the writing as he may be able, whether the book is produced or not. Any fact which a party can testify to of his own knowledge in such a case would be primary evidence, as much so as would the book. For error in rejecting the evidence last discussed the judgment is reversed and cause remanded.

December 19, 1890.        Reversed and remanded.